THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS
RICHARDSON, Appellant.—

Concur — Stevens, P. J., Markewich, Kupferman and Tilzer, JJ.; Capozzoli, J., dissents in the following memorandum: Since it is conceded that the officer had no warrant, the validity of this arrest and the search and seizure which followed, depend on there being probable cause to make the arrest. There must be reasonable cause to believe that a felony has been committed and that the person to be arrested has committed it. Whether these requirements were present in this case depend on the combination of facts and circumstances within the knowledge of the officer and credible information received from trustworthy informers. This record indicates that the informant was reliable because of the previous relations between him and the arresting officer. But this is not sufficient. In *People* v. *Hendricks* (25 N Y 2d 129, 133) the court said as follows: "It is well settled that a police officer or other affiant may, in an affidavit in support of a warrant, rely upon hearsay information obtained from an informer rather than upon his own personal observation. * * * In such case, however, the affidavit must meet the two pronged test laid down in *Aguilar* v. *Texas* (378 U. S. 108) and most recently reaffirmed in *Spinelli* v. *United States,* (393 U. S. 410). In short that test requires that the affidavit show (1) whether the informant is in fact reliable, and (2) whether the underlying circumstances as to how the informant came by his information demonstrates sufficient probability or credibility to allow the search of the premises ". What was the information which was reported in this case? At best, it was mere

suspicion. The informant did not see drugs being sold, he saw no drugs in the apartment at any time, nor in the possession of anyone leaving the same. "In other words there is nothing in the affidavit to establish a basis for the reliability of the information as distinguished from the reliability of the informant." (People v. Hendricks, supra, p. 134.) On the whole record, including the independent observations made by the arresting officer after speaking to the hotel clerk (informant). I am of the belief that there was no probable cause to break into the apartment without a search warrant and the officers were not justified in entering same with a duplicate key without announcing themselves to the occupants. (See People v. Floyd, 26 N Y 2d 558; People v. Griffin, 22 A D 2d 957.) I vote to reverse and dismiss the indictment.